**THE OVERBROOK.**

**THE BURRO.**

Circuit Court of Appeals, Second Circuit.
July 3, 1929.

No. 280.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City (Robert S. Erskine and Henry P. Elliott, both of New York City, of counsel), for appellant.

Burlingham, Veeder, Fearey, Clark & Hupper, of New York City (Chauncey I. Clark and P. Fearson Shortridge, both of New York City, of counsel), for appellee Pennsylvania R. Co.

Macklin, Brown, Lenahan & Speer, of New York City (Horace L. Cheyney, of New York City, of counsel), for appellee Mott Haven Lighterage Co.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge (after stating the facts as above). An experienced trial judge found that the tide set toward the Astoria shore at the place where the collision occurred. Howell, the only disinterested witness on the subject, was of the same opinion. We can see no reason for reaching another conclusion.

Appellant says that, even if the Overbrook's version of the set of the tide was correct, the swing of the Burro's tow was nevertheless not a fault. But we have held that tugs must keep their tows substantially in line, and, if without sufficient power to do this without aid, must secure helper tugs. The Aurora (C. C. A.) 258 F. 439; Winfield S. Cahill (C. C. A.) 258 F. 318; The Wrestler (C. C. A.) 232 F. 448. Appellant relies upon the recent decision of the Supreme Court in Charles Warner Co. v. The Gulftrade, 278 U. S. 85, 49 S. Ct. 45, 73 L. Ed. 195. But that case involved an overtaking situation in which the Gulftrade was bound to keep out of the way of a tow, the swing of which she had reason to anticipate. The Gulftrade was the burdened vessel. The overtaken vessel at most had only "to hold her course and speed so far as practicable" (page 89 of 278 U. S. [49 S. Ct. 45]). Here the Burro lacked power or ability to keep her tow from a wide sheer dangerous to other vessels navigating in the vicinity. Her sheer was a fault.

The appellant says that the Overbrook was at fault (a) for failing to keep a proper lookout; and (b) for not allowing a larger margin of clearance.

The first objection is without merit. There was a lookout in the person of a deckhand in the pilot house with the master. Both saw the Burro and her tow in plenty of time to avoid a collision. Even if the deckhand should have been forward, instead of in the pilot house, his failure to take that position in no way contributed to the accident. The Washington (C. C. A.) 241 F. 952.

We differ with the trial court as to the second objection. The master of the Overbrook, by his own admission, saw the tow swinging when 500 feet away. He waited until it was within 100 feet before taking any measures to avoid a collision. There was doubtless some distance within which he might assume that he was safe from the impact, even from an unusual sheer. But, while the question is one of degree, we hold that, when the Overbrook watched the tow swing through 400 out of the 500 feet of water separating the two vessels, she did not allow enough margin of clearance before beginning to back. Her delay in reversing was a fault which contributed to the collision.

It is further objected on behalf of the Burro that the court erred in refusing to admit in evidence a report of the collision made

by the master of the Overbrook to her owners. But, whatever may have been the right of the appellant to offer the report, if a subpœna had been served for its production, so far as the record shows it was not in court, and we have no knowledge of its contents. In such circumstances, no error can be founded upon the ruling that it would be inadmissible. We have no basis for determining whether its contents would have tended to contradict the witness, or that the exclusion was prejudicial.

Finally, it is said that the proof of damages was inadequate. But we cannot say that libelant's witness as to the value of the barge had no experience in buying and selling barges and that his valuation of libelant's barge and her equipment were without legal basis. While the evidence was not very satisfactory, the commissioner was justified in adopting a value for the barge and her equipment intermediate between the estimates of the witnesses produced for the libelant and the claimant Cornell Steamboat Company.

The decree is modified, so as to divide the damages fixed by the court below between the Overbrook and the Burro.